## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA, EAST BATON ROUGE PARISH

| | | |
|---|---|---|
| **WILLIAM M. ARMSTRONG,** | * | **CASE NO.  3:22-cv-01001-SDD-EWD** |
| | * | |
| **VERSUS** | * | **JUDGE SHELLY D. DICK** |
| | * | |
| **BOARD OF SUPERVISORS OF** | * | **MAGISTRATE JUDGE ERIN** |
| **LOUISIANA STATE UNIVERSITY** | * | **WILDER-DOOMES** |
| **AND AGRICULTURAL AND** | * | |
| **MECHANICAL COLLEGE.** | * | |

**************************************************************************

## MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes and appears plaintiff William

M. Armstrong ("Mr. Armstrong"), who moves for partial summary judgment pursuant to Rule 56

of the Federal Rules of Civil Procedure respectfully requesting that this Court enter judgments of

liability and partial damages on the three claims in his complaint.  Because his motion presents

pure issues of law involving the interpretation of an unambiguous contract, discovery is not

necessary and his motion is ripe for consideration now.

Mr. Armstrong is the former Associate Head Coach of the Men's Basketball team at

Louisiana State University ("LSU").   He contends in this action that defendant LSU fired him in

June 2022 in the absence of any "cause" cognizable under the relevant section of his

employment agreement.   He further contends that, even assuming *arguendo* his termination was

not wrongful, LSU impermissibly and in violation of the agreement withheld from him certain

salary payments and other benefits due to him on discharge.

These allegations are articulated over three causes of action.   The first two are for LSU's

alleged breach of two discrete provisions of the employment agreement.   The third is a related

claim brought under the Louisiana Wage Payment Act ("LWPA").   Louisiana Revised Statutes §§ 23:631, 632.

The first claim presents a pure legal issue of contract interpretation – whether LSU's termination of Mr. Armstrong because of his alleged violation of National Collegiate Athletic Association rules satisfies any one of the four subsections in the agreement relied on by LSU to justify the termination.   The second claim likewise presents a pure legal issue of contract interpretation –  whether the "termination date" under subsection 11.A.2 of the agreement was June 3, 2022 (the date the LSU Director of Athletics formally overruled in writing Mr. Armstrong's challenge to the "Notice of Contemplated Termination").   If so, as Mr. Armstrong contends is obvious, LSU withheld Mr. Armstrong's salary for the month of May, June 1 and 2, and other contractual benefits, in breach of the agreement.   We submit that a finding of liability on the second claim translates ineluctably to liability on the third LWPA claim.

Accordingly, because these are pure legal issues, Mr. Armstrong submits that no genuine issue of material fact exists and he is entitled to judgment as a matter of law.

Respectfully submitted,

TAYLOR WELLONS POLITZ & DUHE, LLC

By:    _s/ Michael M. Thompson_
       Michael Mann Thompson (#30758)
       4041 Essen Lane, Suite 500
       Baton Rouge, LA  70809
       Telephone:  (225) 387-9888
       Fax:  (225) 387-9886
       Email:  mthompson@twpdlaw.com

*Counsel for Plaintiff William M. Armstrong*

OF COUNSEL:

Lisa A. Cahill, Esq.
Lisa Cahill PLLC
747 Third Ave., 32nd Floor
New York, NY  10017

## **CERTIFICATE OF SERVICE**

I hereby certify that in compliance with Louisiana Revised Statutes § 13:5107, I have this date caused the foregoing Motion for Partial Summary Judgment to be served on defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College by the following methods prescribed by law:

| | | | |
|---|---|---|---|
| ( ) | Hand Delivery | (X) | Prepaid Certified U.S. Mail |
| ( ) | Facsimile | ( ) | Federal Express |
| ( ) | Electronic Mail | | |

Baton Rouge, Louisiana this 28th day of December, 2022.

_s/ Michael M. Thompson_
TAYLOR, WELLONS, POLITZ & DUHE, LLC