UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WILLIAM M. ARMSTRONG

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE

CIVIL ACTION

22-CV-1001-SDD-EWD

### RULING

This matter is before the Court on the Motion to Dismiss filed pursuant to Rule 12(b)(1) by Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "LSU Board" or "LSU").[1] Plaintiff William M. Armstrong ("Plaintiff" or "Armstrong") filed an opposition,[2] to which the LSU Board replied.[3] Armstrong filed a sur-reply.[4] For the reasons set forth below, the Court finds that the motion should be granted.

### I. Background

Plaintiff Armstrong is the former associate head coach of the LSU men's basketball team.[5] Armstrong sues the LSU Board for breach of his employment contract after he was terminated in June of 2022 in the wake of allegations of National Collegiate Athletic Association rules violations.[6] Armstrong alleges that his termination was not "for cause" under the terms of his contract with LSU and constitutes a breach entitling him to damages stipulated within the contract and delineated by the Louisiana Wage Payment

---

[1] Rec. Doc. 20.
[2] Rec. Doc. 29.
[3] Rec. Doc. 35.
[4] Rec. Doc. 38.
[5] Rec. Doc. 1, ¶ 11.
[6] Rec. Doc. 1, ¶ 1.

Act.[7] Armstrong's claims are governed exclusively by state law; he does not state any federal law claims.[8]

Armstrong invokes this Court's diversity jurisdiction under 28 U.S.C. 1332, which the LSU Board challenges in the pending Motion.[9] The LSU Board does not challenge Armstrong's Missouri citizenship and it concedes that his allegations satisfy the jurisdictional amount in controversy required by 28 U.S.C. 1332. The LSU Board argues that it is not a citizen of a state for purposes of diversity jurisdiction and is therefore not subject to this Court's jurisdiction. The LSU Board also argues that it enjoys Eleventh Amendment sovereign immunity from suit in federal court, which it has not waived.[10] Armstrong contends that the LSU Board is subject to 28 U.S.C. 1332 and, alternatively, contractually waived its Eleventh Amendment immunity from any suit arising from their employment contract.[11]

## II. Legal Analysis

### a. 12(b)(1) Standard

Federal courts are courts of limited jurisdiction, and without jurisdiction conferred by statute, they lack the power to adjudicate claims.[12] Under **Federal Rule of Civil Procedure 12(b)(1)**, a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim.[13] A

---

[7] Rec. Doc. 1, ¶¶ 1, 57, 60, 61.
[8] Rec. Doc. 1.
[9] Rec. Doc. 1, ¶ 2; Rec. Doc. 20.
[10] Rec. Doc. 20.
[11] Rec. Doc. 29.
[12] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286–87 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998)); see also *Hall v. Louisiana*, 12 F. Supp. 3d 878, 884 (M.D. La. 2014).
[13] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d at 286–87 (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).).

court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.[14]

"'The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.'"[15]

### b. Diversity Jurisdiction

The Fifth Circuit has explained that "[t]here is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction."[16] Nor is an entity that is merely an "alter ego" or "arm" of the state a "citizen" for purposes of 28 U.S.C. 1332(a)(1).[17] "On the other hand, if the agency is an independent one, separate and distinct from the state," it will be considered a "citizen" of the state and subject to diversity jurisdiction.[18]

Consequently, the Court must determine whether the LSU Board is an arm or alter ego of the state. In making this determination, "the essential question is whether the state is the real party in interest."[19] In *Tradigrain*, the Fifth Circuit adopted a multi-factor balancing framework to answer that question.[20] In *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.* the Fifth Circuit later summarized and characterized the *Tradigrain* framework as comprising "many factors . . . including: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of

---

[14] *Hall v. Louisiana*, 974 F. Supp. 2d 944, 951 (M.D. La. 2013) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960, 122 S. Ct. 2665, 153 L. Ed. 2d 839 (2002)).
[15] *Raj v. Louisiana State Univ.*, 714 F. 3d 322, 327 (5th Cir. 2013) (quoting *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (internal citations omitted)).
[16] *Moor v. Cnty. of Alameda*, 411 U.S. 693, 717, 93 S. Ct. 1785, 36 L. Ed. 2d 596 (1973).
[17] *Id.*; *Tradigrain, Inc. v. Mississippi State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983); *see also PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1416 (5th Cir. 1996).
[18] *Tradigrain*, 701 F.2d at 1132 (5th Cir. 1983).
[19] *Id.*; *see also State Highway Comm'n of Wyoming v. Utah Constr. Co.*, 278 U.S. 194, 199–200 (1929).
[20] *Tradigrain*, 701 F.2d at 1132-33 (5th Cir. 1983).

entity funding; (3) the degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide problems; (5) the authority to sue and be sued in its own name; and (6) the right to hold and use property."[21]

The LSU Board suggests that the Court should follow the Fifth Circuit's decision in *Ray v. Louisiana State University* finding that the LSU Board was an arm of the state upon analyzing these same factors.[22] Relying on the *Raj* court's analysis, LSU contends that "[i]t is well-established that LSU is a non-independent arm of the state of Louisiana" that is not amenable to diversity jurisdiction.[23] Although the *Raj* court determined whether the LSU Board was an arm of the state for purposes of Eleventh Amendment immunity, rather than subject matter jurisdiction under 28 U.S.C. 1332, this is a distinction without a meaningful difference in this context. The *Tradigrain* court adopted its multi-factor balancing framework from its Eleventh Amendment jurisprudence[24] and explained that the analysis to determine whether a state entity is an arm of the state for purposes of diversity jurisdiction is "virtually identical."[25] Similarly, every other circuit that has addressed this issue has also held that the analysis is practically identical.[26]

---

[21] 81 F.3d 1412, 1416 (5th Cir. 1996) (citing *Tradigrain*, at 1132; *McDonald v. Board of Mississippi Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir.1987)).
[22] 714 F.3d 322, 327 (5th Cir. 2013). The Raj Court does not explicitly cite to "the *Tradigrain* factors" but substantively performs the same analysis under the same factors. *See generally id.*
[23] Rec. Doc. 20-1, pp. 5–6.
[24] 701 F.2d at 1132 (citing *Huber, Hunt & Nichols v. Architectural Stone Co.*, 625 F.2d 22 (5th Cir. 1980)).
[25] *Id.*; *see also Laje v. R.E. Thomason General Hospital*, 665 F.2d 724, 726 n. 2 (5th Cir. 1982).
[26] *See, e.g.*, *Maryland Stadium Authority v. Ellerbe Becket Inc.*, 407 F.3d 255, 260–61 (4th Cir. 2005); *Pub. Sch. Ret. Sys. of Missouri v. State St. Bank & Tr. Co.*, 640 F.3d 821, 826 (8th Cir. 2011) ("Like the § 1332(a)(1) inquiry, the ultimate question of whether an entity is an arm of a State for purposes of the Eleventh Amendment turns on whether a State is the real party in interest in a case involving the entity."); *N.E. Fed. Credit Union v. Neves*, 837 F.2d 531, 534 (1st Cir. 1988) (tests "pretty much the same"); *Coastal Petroleum Co. v. U.S.S. Agri–Chems.*, 695 F.2d 1314, 1318 (11th Cir. 1983) (analysis is "the same"); *see also Kansas Public Employees Retirement System v. Boatmen's First Nat. Bank of Kansas City*, 982 F. Supp. 806, 809 (D. Kan. 1997) (applying Eleventh Amendment test to find that public retirement system is an alter ego of the state of Kansas, and, "therefore, is not a 'citizen' for the purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332."); *see also Curators of Univ. of Missouri v. Corizon Health, Inc.*, 627 F. Supp. 3d 1030, 1035 (W.D. Mo. 2022) ("Indeed, every Circuit to address the issue has held that the analysis is

Thus, the *Raj* court's finding and analysis are instructive to this Court's analysis under the *Tradigrain* framework. Armstrong presents no argument or authority to support a finding that the LSU Board is an independent agency under the applicable factors or a departure from the analysis in *Raj*. Thus, like the *Raj* court, the Court will consider the available codified and case law.[27] The *Raj* court analyzed each factor in turn:

> First, state law characterizes the agency as an arm of the state, *see* [*Delahoussaye,* 937 F.2d 144] at 147: LSU was created by state law, *see* La. Rev. Stat. Ann. § 36:642(B) (2012), and its Board is part of the Louisiana executive branch of government, *see* La. Rev. Stat. Ann. § 17:3215 (2011). Second, LSU receives state funding as an executive branch agency, must dispense donations in accordance with state law, and pays judgments against it from state funds. La. Const. art. 12, § 10(C); La. Rev. Stat. Ann. § 17:3351 (2011); *see Delahoussaye,* 937 F.2d at 148. Third, state executive branch officials have direct control over appointment of LSU Board members. La. Rev. Stat. Ann. § 17:1453 (2012); *see Delahoussaye,* 937 F.2d at 148. Fourth, LSU's purpose under state law is statewide, not local. La. Rev. Stat. Ann. § 17:3220 (LSU is "established and maintained to serve the educational needs of the people of the state"); *see Delahoussaye,* 937 F.2d at 148. Fifth and sixth, the LSU Board has the right to sue and be sued in its own name and hold property, while LSU itself does not, *see* La. Rev. Stat. Ann. § 17:3351(A); however, "just because [the LSU Board] can be sued and can hold and use property does not mean that these final two factors weigh against a finding of sovereign immunity. In fact, precisely the opposite is true. First . . . Louisiana has not waived its immunity from suit in federal court. Second, and perhaps most importantly, money judgments against the Board are paid by the State of Louisiana. *Richardson*, 118 F.3d at 456; *see* La. Rev. Stat. Ann. § 17:3351.[28]

Following the Fifth Circuit's balance of the *Tradigrain* factors applied to the LSU Board, the Court concludes that the State of Louisiana is the real party in interest in Armstrong's suit against the LSU Board.

---

practically identical, and the Court found no case holding, or even suggesting, a difference") (internal citations omitted).
[27] 701 F.2d at 1132 ("If the agency's status is unclear, the court must look to any and all available sources for guidance.")
[28] *Raj v. Louisiana State Univ.,* 714 F.3d 322, 329 (5th Cir. 2013). The statutes relied upon and cited by the *Raj* court have not meaningfully changed for purposes of this analysis since its decision.

The LSU Board is an arm of the state and is not a "citizen" for purposes of diversity.[29] Thus, this Court does not have jurisdiction over the LSU Board pursuant to 28 U.S.C. 1332.[30] The LSU Board's Rule 12(b)(1) Motion to Dismiss shall be granted for lack of subject matter jurisdiction.[31]

## III. Conclusion

LSU's Motion to Dismiss is granted, and Armstrong's claims against LSU are dismissed.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 27th day of September, 2023.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[29] 28 U.S.C. 1332(a)(1).
[30] There is no allegation or suggestion in Armstrong's pleadings that federal question jurisdiction is present here. Armstrong's claims against the LSU Board are exclusively breach of contract and tort law claims governed by Louisiana state law.
[31] Because the Court lack subject matter jurisdiction, it need not address the issue of Eleventh Amendment sovereign immunity.